Argued February 6, remanded with instructions July 26,
petition for rehearing denied September 19, 1967

## WESTERN REBUILDERS AND TRACTOR PARTS, INC., *Respondent, v.* FELMLEY, *Appellant.*

430 P. 2d 348

*William C. McCarthy,* Portland, argued the cause and filed briefs for appellant.

*Ernest M. Jachetta,* Portland, argued the cause for respondent. With him on the brief was Leo Levenson, Portland.

Before Perry, Chief Justice, and Sloan and Lusk, Justices.

PER CURIAM.

This is an appeal by the defendant Felmley from a judgment entered in favor of the plaintiff in the sum of $15,614.47.

This is the second appeal of this case. In the prior case, *Western Rebuilders, Inc. v. Felmley*, 237 Or 191, 386 P2d 813, 391 P2d 383, we reversed the action for wrongful eviction for the sole purpose of having the damages suffered by the plaintiff determined.

The trial court appointed a referee and adopted the referee's report allowing damages as follows:

| | |
|---|---|
| Moving expenses | $ 1,200.00 |
| Operating loss for February and March | 2,997.72 |
| Lease deposit | 675.00 |
| Loss of good will | 10,741.75 |

The eviction of the plaintiff came two months and ten days prior to the expiration of the lease that was not to be renewed. Also, the plaintiff was required by its lease to operate the business under the name of "Western Welding Co." This name had been established by the defendant and used by him over a period of many years and was to revert to the defendant at the expiration of the lease. It must also be noted that the person who had managed and operated the business and dealt with the customers of plaintiff had left plaintiff's employ.

Under all of these circumstances the question of good will is left in a highly speculative state, insuf-

ficient to support a judgment. *Levene et ux v. City of Salem,* 191 Or 182, 229 P2d 255.

This court stated in *Buck v. Mueller,* 221 Or 271, 285, 351 P2d 61:

> "Before it would be proper to submit the question of damage for the loss of good will, it would be necessary to produce evidence that the business had the qualities which are the ingredients of good will."

The record in this case is insufficient to support any damages for loss of good will and such allowance is set aside.

The amount of damages proved by the plaintiff is $4,872.72.

The cause is remanded with instructions to enter a judgment in the sum of $4,872.72 in favor of the plaintiff and against the defendant.